## KING v. McCARLEY.

When the judgment debtor is entitled to homestead and his entire estate is of less value than that which is exempted from levy and sale, an execution against him has no lien on his property, and cannot be enforced. A rule on the sheriff for not proceeding in such case to levy and have a homestead laid off to defendant, discharged.

Before FRASER, J., Spartanburg, August, 1889.

This was an appeal from an order making absolute a rule on John M. Nicholls, the sheriff of Spartanburg County, in the case of J. C. King against Ann McCarley. The rule to show cause was issued August 3, 1889. The opinion states the case.

*Messrs. Nicholls & Moore*, for appellant.

*Mr. Stanyarne Wilson*, contra.

March 11, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff obtained a judgment against the defendant for $36.75, including debt and costs. Execution was issued, with directions to levy and collect. This was not done, and a rule to show cause was issued. The sheriff returned that he had not enforced the execution for the reason that the defendant demanded a homestead, the defendant not possessing as much property as was exempt from levy and sale under the statute, and at the hearing of the rule he submitted an affidavit of J. J. McCarley, the husband of the defendant, that neither he nor his wife possessed anything like the exemption of the homestead law. He further stated that he had not set off the homestead, because the defendant had refused to advance the costs required, which he had demanded, and not being willing to incur the expense himself, he took counsel and was advised that under the circumstances it was not his duty at his own expense to proceed; he had therefore declined to levy and sell. There was no counter affidavit submitted to that of J. J. McCarley, nor any other evidence upon the subject.

His honor, Judge Fraser, who heard the rule, held the return insufficient, and adjudged the rule to be made absolute, and he further ordered that the sheriff proceed to levy and sell the property of the defendant, or so much as was necessary to pay the execution and costs, on sales day in November ensuing, unless the same was paid before that time, or the said defendant, or some one in her behalf, should pay the fees and costs required to be paid before the sheriff is required to set off the homestead;

otherwise the sheriff to be attached for contempt. The appeal alleges error to this order in that his honor should have held the return of the sheriff sufficient, and also that the sheriff was not bound to proceed with the levy under the facts.

The real question in the case, as it seems to us, was, whether the sheriff was justified in staying his hand when the defendant claimed her homestead, it being evident to him that all she had would not exceed the homestead exemption. But this does not seem to have been the question upon which the rule to show cause turned; on the contrary, the point there appears to have been whether the sheriff can levy on property claimed as a homestead, where the party claiming it fails or refuses to advance the costs for setting it off. In other words, before a homestead can be exempt from levy and sale, whether it must be actully set off, and unless the costs are advanced by the homestead claimant, whether this defeats the right of homestead, authorizing the sheriff to proceed as if there was no homestead. His honor appears to have held the affirmative on both of these propositions.

We think this was error for two reasons: First, under the act of assembly, a judgment has no lien on a homestead, and this applies, as we suppose, whether the homestead has been set off or not, if the fact be that the claimant is entitled to one. Second, the constitution exempts certain real estate in value and certain personal property from levy and sale. And section 2003 of General Statutes makes it a misdemeanor, with heavy penalty, for any officer to sell any such exempted property.

True, the act provides a certain machinery for setting off the homestead when claimed; but this act nowhere declares that the right thereto shall depend upon the fact whether or not this machinery is carried into effect. The machinery is merely intended to mark it out, but the right to it, and its actual existence precedes the marking out. So that the real question in the case should have been, was the claimant entitled to the property involved as a homestead? This was a question of fact as to the value of the property claimed, and the only evidence in the case showing very clearly that it was far less than the homestead exemption, which was not contradicted or denied, we do not see how the sheriff could have proceeded, in the face of the fact that

the execution had no lien, and that it would have been a criminal offence on his part to proceed.

There is a difficulty growing out of the two provisions of the act, that when the homestead is claimed, the sheriff shall have it set off ; and second, that before doing so, he shall be entitled to demand and receive from the debtor the costs of the proceeding, the difficulty arising, as in this case, when the debtor is unwilling or unable to furnish said costs. What is to be done in the interest of the creditor under such circumstances, we are not prepared to say, but where it appears in any case that the property claimed is below the value of the exemption, then the execution in the hands of the sheriff by special act has no lien thereon, and it would be a criminal act to enforce it. Under such circumstances the sheriff would proceed at his peril.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE McIVER concurred.

MR. JUSTICE McGOWAN. I concur on the authority of the cases which hold that the *right* to homestead excludes a levy before it is actually assigned.